FILED
Jeffrey A. Apperson, Clerk
NOV 1 6 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

Kenneth E. Brown, Plaintiff, Pro Se
3431 Man O War Loop N.
Owensboro, KY 42303-2456

v.                                      Civil Case No. 4:09 CV-111 M

United States Equal Employment Opportunity Commission Headquarters
131 M Street NE
Washington, DC 20507

## COMPLAINT

1. This action is brought under the Freedom of Information Act (5 U.S.C. 552) in order to compel the U.S. Equal Employment Opportunity Commission to disclose information wrongfully redacted after a FOIA request and subsequent appeal from Plaintiff.

2. **Exhibit 1** is my request for my charge file dated September 22, 2009.

3. **Exhibits 2-A** through **2-L** comprise my appeal of the partial denial by Mark Donaldson, Attorney, Indianapolis District Office, and include his three-page letter dated October 9, 2009, that I have marked **2-C-2-E**. Note the final three sentences on page **2-E** where he states:

   *"DOCUMENTS WITHHELD PURSUANT TO THE FIFTH EXEMPTION OF THE FOIA:*

   *Investigator's work notes, with analysis, 5 pages, undated*

   *Confidential Memorandum to File, prepared by EEOC investigator, 4 pages, dated 09/03/2009"* (emphasis added)

   I faxed this appeal to EEOC's Office of Legal Counsel in Washington, DC, on October 16, 2009.

4. **Exhibits 3-A** through **3-C** are an addition to the appeal that I faxed on October 27, 2009.

5. **Exhibits 4-A through 4-L** include a 4-page letter from Stephanie D. Garner, Assistant Legal Counsel/FOIA, dated October 30, 2009, in which she partially reverses Mr. Donaldson's finding and releases the documents, but with certain information redacted. In her writing, Ms. Garner admits the memorandum of 09/03/2009 and the notes were written by Louisville Area Director, Marcia Hall-Craig, claiming they were "erroneously characterized". The prominence of Ms. Hall-Craig's signature on the 09/03/09 memorandum casts serious doubt on such a claim (see **Exhibit 4-H**). The released documents are included.

6. The information was redacted unlawfully in an attempt to conceal prohibited acts committed by Marcia Hall-Craig in regard to my charge. It will be necessary to give you background for you to see how it came to be that it was unlawful for the Director of the Louisville Area EEOC Office to involve herself in the decision-making of my charge. I will clearly prove that the reason the redaction is unlawful is because, as a self-appointed neutral in an Alternate Dispute Resolution of my charge, Ms. Hall-Craig could not, by law, be involved in the investigative or decision-making aspects of it. And if it was improper for her to insert herself into the decision-making element of my charge, as I shall prove, any documentation that resulted from that breach is not covered by Exemption 5 of FOIA as claimed by EEOC--is, in fact, not covered by any exemption.

## FACTS

7. I attempted to file a charge against my employer in May of 2009 but staff at the Louisville office refused to accept it, telling me that my employer could do anything he wanted to me because Kentucky is an at-will state and that if forced to investigate, they would find no wrongdoing.

8. I believed they were telling me the truth, but my wife was familiar with applicable statutes and she promptly filed several complaints concerning the abuse by staff.

9. After EEOC Headquarters in Washington, DC informed staff at the Louisville office of my wife's complaints, I received paperwork from Marian (Toni) Ahl, Investigator, sometime during the first week of July, 2009. I completed, signed, and returned the Intake Questionnaire, but I neither signed nor returned the mediation agreement.

10. Along with the complaints my wife lodged with EEOC Headquarters in Washington, DC, two additional events transpired beginning on or around August 18, 2009, that caused me to incur the wrath of Marcia Hall-Craig:

    (a) My wife had submitted a FOIA Request in June that had been denied at the first level, but was partially granted at appeal (see **Exhibits 5-A, 5-B, and 5C**--; note 2 pages of **5C** have been temporarily misplaced but do not change the meaning or intent). This release of formerly-denied documents meant that my

      wife would receive copies of the letters sent by the Louisville Area Office to persons attempting to file charges in which they claimed they could not ascertain the nature of the persons' complaints--the same letter they falsely sent to me though I had clearly identified the charges I was leveling against my employer. My wife had made clear her intent to use the information gained in this request to prove the complaints she had raised against Ms. Hall-Craig and her staff. Ms. Hall-Craig learned about the reversal of the FOIA denial on or around August 18, 2009 (**Exhibit 5D,** memo from Janice Andrews sent in compliance with the directive for the documents' release, and requesting copies of them to be sent to her).

    (b) Ms. Hall-Craig received a letter from Congressman Brett Guthrie in which he informed her he had been contacted on my behalf. The letter was dated August 18, 2009 (**Exhibit 6**).

11. On August 26, 2009, Ms. Hall-Craig phoned me. During the conversation, I arranged a meeting with my investigator, Toni Ahl, for September 3, 2009, at the EEOC Office in Louisville. Ms. Hall-Craig asked me to be thinking about what I wanted from my employer and to that end, I prepared a paper for my charge file.

12. On September 3, 2009, my wife and I traveled to Louisville to meet with Toni Ahl, but this was not allowed. Instead, Marcia Hall-Craig was the only one in the room. She used coercion and intimidation tactics to try to force me to forego my charge against my employer.

13. While we were in the lobby area of the office, we witnessed an EEOC employee as he refused to allow a man to file a charge--the same act committed against me and also against the persons to whom the false letters were sent. My wife reported this incident to EEOC Headquarters in Washington, DC.

14. On or about September 19, 2009, right after my charge was dismissed without investigation though it was a Category B charge, I learned that Marcia Hall-Craig was claiming our meeting of September 3 was a "settlement meeting". In her letter of response to Congressman Brett Guthrie dated September 17 (**Exhibit 7, page 2**), Ms. Hall-Craig stated,

    "... *I determined that a settlement attempt would be made regarding this charge of employment discrimination*."

    And "... *Mr. Brown was offered an opportunity to settle his charge, by telephone and again during a face-to-face settlement conference with him, his wife, and me in our Louisville office on Thursday, September 3, 2009*." (emphasis added)

    In this one letter, we have Ms. Hall-Craig's admittance that <u>it was she who made the decision for the settlement</u> and that <u>it was also she who acted as neutral</u>. That

would be enough evidence in and of itself given the requirements of the Administrative Dispute Resolution Act (ADRA) and of EEOC's <u>Core Principles Governing Commission ADR Programs</u>. But, following, there will be even more evidence of her unlawful involvement in all facets of my charge.

15. On or about October 26, I received my charge file minus the papers excluded by Mr. Donaldson. One of the documents included was the case log (**Exhibit 8**). Please note that on August 4, 2009, Toni Ahl, the Investigator, was in custody of the charge file. By August 19 she was not because in order to make a notation about a contact from the Respondent, she had to enter it on the line previously allotted to the date August 4--right above Marcia Hall-Craig's first entry.

   She did not regain possession of the charge file until 09/15/09, and her entry on that date makes it clear it was from Marcia Hall-Craig that she retrieved it. Ms. Ahl retained ownership of the file only long enough to write the letter dismissing the charge. By her own entries in the case log, it is made clear that, other than sending me the initial paperwork, Ms. Ahl did not have contact with me a single time nor did she conduct any investigation whatsoever.

## APPLICABLE LAWS

16. EEOC's <u>Core Principles Governing Commission ADR Programs</u> are, according to the Policy Statement published on EEOC's own website, predicated on the Administrative Dispute Resolution Act (ADRA) (**Exhibit 9** is Equal Employment Opportunity Commission's Alternative Dispute Resolution Policy Statement).

17. According to EEOC's Policy Statement (**Exhibit 9, page 2**):

    *"**The Commission believes that parties must knowingly, willingly and voluntarily enter into an ADR proceeding.**"* (emphasis added)

    Ms. Hall-Craig did not inform me she had decided to change the meeting I had arranged with Toni Ahl, Investigator, for the purpose of discussing my charge, into a "settlement meeting". At the onset of my charge with EEOC, I had refused to return, or even to sign, the mediation agreement they had sent to me in the initial paperwork. And when they sent it to Mediation anyway, I wrote a letter demanding it be re-routed to Investigation. Ms. Hall-Craig was very aware I had declined to enter into mediation of any sort.

18. According to ADRA, and adopted by EEOC into their core principles:

    *"A neutral shall have no official, financial, or personal conflict of interest with respect to the issues in controversy, unless such interest is fully disclosed in writing to all parties and all parties agree that the neutral may serve."* (emphasis added)

    Ms. Hall-Craig was very aware of the complaints my wife had lodged against her and her staff and could not, by anyone's perception, be considered a "neutral". Just as Ms. Hall-Craig did not make me aware of her intention to conduct a "settlement meeting", she also did not inquire if I would consent to her intention to act as a neutral. I would never have agreed to such an absurd proposal.

19. According to EEOC's Policy Statement (**Exhibit 9, page 2**):

    *"Fairness requires that the Commission provide the opportunity for assistance during the proceeding to any party who is not represented."* (emphasis added)

    I was not informed I had the right to have an attorney present, and I was not offered assistance during, what I later learned, was a settlement proceeding.

20. And the most important element of the Policy Statement--the one that makes redaction of the information unlawful (**Exhibit 9, page 3**):

    *"In order to ensure confidentiality, those who serve as neutrals for the Commission should be precluded from performing any investigatory or enforcement function related to charges with which they may have been involved. The dispute resolution process must be insulated from the investigative and compliance process."* (emphasis added)

I have proven with Marcia Hall-Craig's own writings and with the charge log that she seized my charge file in an act of retaliation and prevented the assigned investigator from carrying out her duty to investigate a Category B charge. More importantly I have proven that all decisions surrounding my charge, including the decision to dismiss with no investigation, were made by Marcia Hall-Craig, the self-appointed neutral of a settlement meeting to which I had not agreed.

Once Marcia Hall-Craig unlawfully set herself up as a neutral in an ADR proceeding involving my charge, she was required to exclude herself forever from any further involvement.

Instead, she continued her unlawful acts by preventing those charged with the responsibility of investigating my charge from doing so, by taking possession of my charge file and by making all decisions herself.

And now she wants the entire Legal System to be complicit with her in her unlawful acts by saying the redacted portions are covered under Exemption 5.

If the "neutral" had been anyone other than Marcia Hall-Craig, Director, I would not find myself in the position of having to file for redacted information because no other neutral--a retired judge, for instance--would ever have been allowed to have any involvement in my charge beyond the mediation meeting. A retired judge acting as neutral would not have been allowed to write memoranda and place them in my charge file, nor would agency attorneys have claimed exemption for such writings. The fact that in my case the neutral was the Director of the Louisville Area EEOC Office in no way negates the requirements of ADRA and EEOC's own Core Principles Governing Commission ADR Programs.

Also, for no other neutral would staff attorneys have made false assertions about the authorship of writings as Mark Donaldson did in his denial when he claimed certain documents were written by the investigator. Mark Donaldson is an attorney in the Indianapolis District Office which oversees the Louisville Area Office where Marcia Hall-Craig has been Director for well over ten years. It is inconceivable, especially given the prominence of Ms. Hall-Craig's signature on the 09/03/09 document, that Mr. Donaldson believed what he was saying when he falsely claimed the author of the writings was the investigator.

Ms. Hall-Craig herself, believing I would never see these documents, made many spurious claims. One, in particular, is startling in its blatant falsity: she claims that right in the middle of the meeting of 09/03/09, she presented my employer with an offer from me that they rejected, and that at that same time she presented me with an offer from them that I rejected (see **Exhibit 4-G**). That never happened. Since by her own writing there were only three of us in the room--Ms. Hall-Craig, myself, and my wife--one can only assume she is claiming it was done by telephone which is why I filed--and was granted--a FOIA request for the phone records. I have already paid dearly ($280) for them and expect to have them by Friday, November 20. I will be happy to share them with the Court if desired because I assure you: there will be no record of a phone call during that meeting. Ms. Hall-Craig, believing she would be shielded by FOIA exemptions, felt no compunction at riddling her communications with falsehoods. She believed I would never see them, and indeed I would not have seen them had Stephanie Garner not overturned Mark Donaldson's initial denial.

EEOC is clearly using their perceived right to blanket FOIA exemptions as an opportunity to shield falsehoods and unlawful acts. I ask this Court to take that into account when considering the scope of the deception by EEOC, including that of its attorneys. They have taken the true purpose of FOIA, which is to remove the cloak of secrecy surrounding government operations, and twisted it to their own reprehensible intent of concealing Ms. Hall-Craig's duplicitous activities. They are asking all of us to overlook the fact that not only did Ms. Hall-Craig violate ADRA, but she also displayed total disregard for her own agency's Core Principles for Alternate Dispute Resolution.

They want us to still respect the decision-making elements of their process while exhibiting no respect whatsoever for our civil rights. EEOC has truly made a mockery of FOIA.

I am not asking the Court to preside over the issue of the manner in which Ms. Hall-Craig conducted the alternate dispute resolution meeting; that will be a separate suit. I am asking the Court to establish that FOIA Exemption 5 may not be claimed for records produced by a person, who by law, was forbidden from being involved in decision-making.

## PRAYERS FOR RELIEF

I respectfully request that this Court

    Declare that EEOC has wrongfully redacted the requested information, and I would ask the Court to use the harshest language in doing so;

    Issue a permanent injunction directing EEOC to disclose to Plaintiff all wrongfully redacted information;

    Provide for expeditious proceedings in this action;

    Maintain jurisdiction over this action until EEOC is in compliance with FOIA and every order of this Court;

    Award Plaintiff all costs associated with this action; and

    Grant such additional and further relief to which Plaintiff may be entitled.

                                Respectfully submitted,

                                *Kenneth Brown*