# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

CIVIL ACTION NO. 4:09CV-111-JHM

KENNETH E. BROWN                                                PLAINTIFF

V.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Equal Employment Opportunity Commission, for summary judgment [DN 9] and motion by Plaintiff, Kenneth E. Brown, to strike Defendant's reply , or in the alternative, to consider the surreply tendered by Plaintiff [DN 12]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

Plaintiff, Kenneth E. Brown, filed a charge of discrimination against his employer, Agri-Trucking, with the Equal Employment Opportunity Commission ("EEOC") in July of 2009.  On September 3, 2009, Plaintiff and his wife attended a meeting with Director Marcia Hall-Craig of the Louisville Area Office of the EEOC at which time settlement of the charge was discussed.  The settlement discussions were unsuccessful and Plaintiff's charge was dismissed on September 15, 2009.  Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC and is currently pursuing a suit against his employer in federal court.

On September 22, 2009, Plaintiff submitted a request for his charge file from the EEOC pursuant to the Freedom of Information Act, 5 U.S.C. §§ 551-559 ("FOIA" or "Act").  On October 9, 2009, the Indianapolis District Office of the EEOC mailed Plaintiff a determination letter which granted in part and denied in part Plaintiff's FOIA request.  At that time, the District Resource

Manager released 416 pages to Plaintiff from the charge file and withheld two documents in their entirety from the information produced. Plaintiff appealed the partial denial of his FOIA request to the EEOC's Office of Legal Counsel. Upon reviewing the appeal, Stephanie Garner, Assistant Legal Counsel of the EEOC, partially reversed the initial decision to withhold the two documents. Ms. Garner released a redacted version of both documents to Plaintiff. Ms. Garner redacted two paragraphs and six lines from a September 3, 2009, Memo to File and five lines from a set of undated work notes pursuant to FOIA's Exemption 5, 5 U.S.C. § 552(b)(5). In a letter dated October 30, 2009, sent to Plaintiff, Ms. Garner specifically explained that the documents in question "should have been released with redactions rather than withheld in their entireties" and "[t]he redacted portions of the documents are withheld pursuant to FOIA Exemption (b)(5) because they reflect internal, deliberate and pre-decisional communications." (October 30, 2009, Letter, at Complaint, Exhibit 4-D.)

Unsatisfied with the response he received, Plaintiff filed this action for declaratory and injunctive relief against the EEOC seeking the redacted portions of his charge file. Prior to the commencement of discovery, the EEOC filed this motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the

non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

## III. DISCUSSION

### A. FOIA Standard of Review

The FOIA provides that every federal agency shall promptly make available upon request records reasonably described. 5 U.S.C. § 552(a)(3)(A). "Under the Act, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies." Rugiero v. U.S. Dept. of Justice, 257 F.3d 534, 543 (6th Cir. 2001)(citing 5 U.S.C. § 522(d)). These exceptions are to be narrowly construed, and the burden is on the agency to justify its action. Id. (citing Department of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7 (2001)); 5 U.S.C. § 552(a)(4)(B)). An agency's denial of a FOIA request is reviewed by a district court de novo. 5 U.S.C. § 552(a)(4)(B).

"[D]istrict courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery." Rugiero, 257 F.3d at 544 (citing Jones v. FBI, 41 F.3d 238, 242 (6th Cir.1994)). In an effort to satisfy its burden, the agency ordinarily submits a "Vaughn index" in which "the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure under the Act." Id.; Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).[1] Such an affidavit or declaration is entitled to a presumption of good

_____

[1]"FOIA also gives the Court discretion to conduct an in camera review of documents, §552(a)(4)(B), but the Sixth Circuit has cautioned that this procedure should be used 'sparingly, when no other procedure allows review of the agency's response to a FOIA request.'" Knittel v. I.R.S., 2009 WL 2163619, *4 n. 2 (W.D. Tenn. July 20, 2009)(citing Rugiero, 257 F.3d at 543-44).

faith; however, evidence of bad faith on the part of the agency can overcome this presumption. Jones, 41 F.3d at 242. "Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." Rugiero, 257 F.3d at 544 (Ingle v. Department of Justice, 698 F.2d 259, 265 (6th Cir. 1983)). "'If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position.'" Id. (quoting Ingle, 698 F.2d at 265).

**B. FOIA's Exemption 5**

Pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), the EEOC withheld portions of two documents. (Stephanie Garner Declaration ¶ 9.) First, the "Memo to File" dated September 3, 2009, is a four page handwritten document created on that date by EEOC's Louisville Area Director Marcia Hall-Craig after her meeting with Plaintiff and his wife in Louisville. (Id.) The redacted portions of this document contain Ms. Hall-Craig's opinion regarding the likelihood of resolving the charge and the likelihood of settlement. (Id.) Second, the other document consists of five pages of handwritten notes regarding Plaintiff's employment discrimination claim. (Id. at ¶ 8.) The first two pages of the notes were written by Ms. Hall-Craig during a conversation with Plaintiff prior to the September 3, 2009, meeting. The remaining notes were taken by Ms. Hall-Craig during the September 3, 2009, meeting. (Id.) The redacted portions of the five pages of notes reflect Ms. Hall-Craig's opinion regarding the merits of the charge and the likelihood of settlement. (Id.) Ms. Garner represents that both documents were created before the agency dismissed Plaintiff's charge and issued him a Dismissal and Notice of Rights. Ms. Garner further represents that the documents

were relied upon in determining the final disposition of Plaintiff's charge against his employer. (Id. at ¶ 10.)

Title 5 U.S.C. § 552(b)(5) permits a federal agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The Sixth Circuit has construed this exception to preserve the recognized evidentiary privileges, such as the attorney-client privilege, the attorney work-product privilege, and the deliberative process privilege. Rugiero v. U.S. Dept. of Justice, 257 F.3d at 550 (citing Klamath Water Users Protective Ass'n, 532 U.S. at 8). In the present case, the EEOC contends that the redacted portions of the documents are properly withheld pursuant to FOIA Exception 5 on the basis of the deliberative process privilege. To qualify for this exception,

> a document must be both "predecisional," meaning it is "received by the decisionmaker on the subject of the decision prior to the time the decision is made," and "deliberative," the result of a consultative process. [Schell v. United States Dep't of Health & Human Servs., 843 F.2d 933, 940 (6th Cir. 1988)] . . . . Although this privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of an agency, the key issue in applying this exception is whether disclosure of the materials would "expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions." Id. (quoting Dudman Communications Corp. v. Department of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).

Rugiero, 257 F.3d at 550. See also Wilson v. U.S. Air Force, 2009 WL 4782120, *4 (E.D. Ky. Dec. 9, 2009).

After reviewing the declaration of Assistant Legal Counsel Stephanie Garner, the Court finds that the EEOC has met its burden of fairly describing the content of the material withheld and of adequately stating reasonable, lawful grounds for the nondisclosure pursuant to FOIA Exemption 5. Rugiero, 257 F.3d at 544. According to Ms. Garner's declaration, the redacted portions of these

intra-agency documents prepared by Ms. Hall-Craig contain her preliminary opinions, analysis, and recommendations about the strength of Plaintiff's charge and the possibility of achieving resolution of the charge. The EEOC utilized the redacted material in reaching the final administrative disposition of the Plaintiff's discrimination charge. (Id. at ¶¶ 8- 11.) The Court credits the declaration of Ms. Garner. The redacted portions of the Memo to File and of the undated work notes are clearly predecisional and relate to the EEOC's internal decisionmaking process. Disclosure of this information would reveal an EEOC staff member's analysis and could have a chilling effect on the agency's discussions of such matters and undermine the agency's ability to perform its duties. See Wilson, 2009 WL 4782120, *5. See Dudman Comm. Corp. v. Dep't of Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987). Given the standard of review and the statutory requirements of the FOIA, the Court finds that the EEOC properly withheld the redacted portions pursuant to FOIA Exemption 5.

Finally, the Court rejects Plaintiff's argument that no FOIA exemption applies because the information he seeks was created and placed in his charge file unlawfully by Ms. Hall-Craig. Plaintiff cites no authority in support of his argument that EEOC improperly conducted the September 3, 2009, meeting with him and then placed notes regarding that meeting in the charge file. Contrary to Plaintiff's assertion, the September 3, 2009, meeting was not subject to the EEOC's mediation policy, including the provision requiring the destruction of any notes resulting from mediation. While Plaintiff is clearly dissatisfied with the manner in which the EEOC processed his charge of discrimination, the proper remedy for a plaintiff who asserts that the EEOC mishandled his claim is to file a Title VII action against his employer on the merits. 42 U.S.C. § 2000e-5(f)(1). See, e.g., Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000); Haddad v. EEOC, 111 Fed. Appx.

413, 414 (6th Cir. Sept. 17, 2004).

## IV.  CONCLUSION

Finding that Defendant properly withheld information pursuant to FOIA Exemption 5, **IT IS HEREBY ORDERED** that the Defendant's motion for summary judgment [DN 9] is **granted**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to strike Defendant's reply [DN 12] is **denied**.  Plaintiff's alternative motion to accept the surreply tendered is **granted**.

cc: counsel of record